

FREDERIC M. UMANE
PRESIDENT
JODI MORALES
SECRETARY

JOSE MIGUEL ARAUJO
MICHAEL J. COPPOTELLI
GINO A. MARMORATO
FRANK R. SEDDIO
SIMON SHAMOUN
MICHELE A. SILEO
KEITH SULLIVAN
COMMISSIONERS

**BOARD OF ELECTIONS**
IN
**THE CITY OF NEW YORK**
EXECUTIVE OFFICE
32 BROADWAY
NEW YORK, NY 10004–1609
TEL (212) 487–5300
FAX (212) 487–5349
www.vote.nyc

MICHAEL J. RYAN
EXECUTIVE DIRECTOR

VINCENT M. IGNIZIO
DEPUTY EXECUTIVE DIRECTOR

GEORGEA KONTZAMANIS
OPERATIONS MANAGER

MICHAEL D. CORBETT
ADMINISTRATIVE MANAGER

March 17, 2025

<u>**Via ECF**</u>

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: Walden v. Peter S. Kosinski, et.al.,
      Case No: 1:25-cv-00072 (LDH) (TAM)

Dear Judge DeArcy Hall:

  We are the General and Deputy General Counsel of the Board of Elections in the City of New York's (the "City Board"), respectively, and have been designated Special Assistant Corporation Counsels to represent the City Board in the above-referenced matter. Pursuant to the Court's Minute Entry and Order dated March 14, 2025 (text only), the City Board submits this letter to further clarify its position – specifically that it is taking no position on the merits of Plaintiff's claim – in the above-captioned matter.

  Plaintiff filed this action seeking: (1) a declaratory judgment that N.Y. Election Law § 2-124, as applicable to independent nominating petitions pursuant to N.Y. Election Law § 6-138(3)(f) (the "Party Names Provisions") is unconstitutional; and (2) injunctive relief prohibiting the City Board from enforcing the Party Names Provisions against him were he to submit an independent nominating petition purporting to nominate him as a candidate for Mayor of the city of New York at the November 4, 2025 Election, using the word "Independence" for the name of the independent body. Plaintiff contends that the Party Names Provisions violate his rights under the First and Fourteenth Amendments to the United States Constitution.

Shortly after filing this action, Plaintiff served a motion for a preliminary injunction seeking an order "enjoining Defendants from enforcing N.Y. Election Law § 2-124(2) against Plaintiff." (the "PI Motion") (Dkt. No. 15). By letter dated January 31, 2025, the City Board expressed that it would be taking no position in this litigation, that it understood and accepted that it would be bound by the result of the litigation and asked to be excused from further participation on that basis. The New York State Board of Elections (the "State Board") interposed opposition to the PI Motion on both prudential grounds as well as on the merits (that is, that the Party Names Provisions are, in all respects, constitutional).

The City Board is a "ministerial" agency and is charged with facially reviewing documents duly filed for legal compliance. *Schwartz v. Heffernan*, 304 N.Y. 474, 480 (1952).

At the hearing held on March 15, 2025, the State Board reiterated its position that it could not and would not enforce Sections 2-124 and 6-138 against any independent nominating petitions for Mayor of the city of New York, as such petitions are filed with the City Board. Given that such petitions are filed with the City Board, the State Board has no role in the petition filing process and that the State Board will not impose its position on the City Board. The Court has directed the City Board to file a letter informing the Court of its position with respect to the enforcement of the laws at issue against the Plaintiff.

Pursuant to Article 3, Title 2 of the New York Election Law, the City Board is tasked with administering all elections in the five boroughs of the city of New York, which includes reviewing the names of independent bodies used on independent nominating petitions for compliance with the Election Law. As a ministerial agency, the City Board does not issue advisory opinions to candidates with respect to the interpretation of the Election Law and cannot rule on the validity (or invalidity) of a document not yet submitted for filing. The City Board notes that the State Board is the general executive body charged with promulgating such guidance. *See* N.Y. Election L., § 3-102.

The City Board lacks the authority to take any position *on the constitutionality of the law*. When the constitutionality of a law is challenged, Congress has provided for the State to be afforded notice of a challenge such as this and the opportunity to defend the constitutionality of a state law. Fed. R. Civ. P. 5.1; 28 U.S.C. § 2403(b).

The City Board appears to be a proper defendant here, insofar as it will be required to determine the overall validity of the Plaintiff's the independent nominating petition, *should it be duly filed with the agency for review*. When such petition is filed, the City Board will determine whether such petition complies with the requirements of the law, including the Party Names Provisions. It appears that the Plaintiff and the State Board concur with respect to the application of Sections 2-124 and 6-138.

If the Party Names Provisions remains in effect, the City Board will be obligated to apply such law as written, consistent with the State's position on the law. If the law is repealed or otherwise rendered unenforceable, the City Board will not apply the Party Names Provisions to any duly filed independent nominating petitions.

For the foregoing reasons, the City Board restates that it takes no position with regard to the claims in this litigation – that is, the constitutionality of the Party Names Provisions.

Respectfully yours,

/s/ Grace Pyun
Grace Pyun
General Counsel
Board of Elections in the City of New York


/s/ Raphael Savino
Raphael Savino
Deputy General Counsel
Board of Elections in the City of New York