# Cuti Frisch pllc

John R. Cuti | jcuti@cutifrisch.com

March 18, 2025

**By ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Walden v. Peter S. Kosinski, et al.*, 25-cv-00072 (EDNY)(LDH)(TAM)

Dear Judge DeArcy Hall:

      Despite the Court's best efforts to bring about a consensual resolution of Walden's motion, it is now clear that Walden needs immediate injunctive relief to protect his First Amendment rights.

      While the New York City Board of Elections continues to assert that it "takes no position" regarding Walden's constitutional claim (ECF 18 at 2), it now states that it will reject Walden's nominating petitions if they use the name "Independence Party" because it is "obligated to apply [the Party Names Provisions] as written, consistent with the State [Board's] position on the law"[1] – unless the provision is "rendered unenforceable" (*id.*), which presumably includes a determination, at the preliminary injunction stage, that enforcement is likely to deprive Walden of his First Amendment rights.

      Walden's unrebutted declarations establish that he is going to file petitions under the Independence Party name and, taken together, Defendants' statements show both that Walden's intended conduct is "proscribed by the challenged regulation" and that he faces a credible threat that the Party Names Provisions will be enforced against him. The motion for a preliminary injunction is therefore ripe. *See Cerame v. Slack*, 123 F.4th 72, 81, 85-86 (2d Cir. 2024); *see also* ECF 15-1 at 13; ECF 15-7 at 2-5. Only this Court can prevent this unconstitutional result, by issuing a simple order prohibiting the Defendants from applying the law against Walden pending resolution of this litigation.

---

[1] The State Board interprets Election Law §§ 2-124 and 6-138 (the "Party Names Provisions") to bar Walden from using the word Independence in the name of the independent body whose nomination he seeks. As stated in our papers and at last week's hearing, we agree. Although the statutory language plainly is confusing, we respectfully submit that Section 6-138(f) makes the ban on the words Independent and Independence set forth in Section 2-124 applicable to independent bodies. *See also Healy-Case v. Garcia*, 72 Misc.3d 1142 (Sup. Ct. Erie Co. 2021) ("Petitioner cites Election Law § 2-124 which provides for the name and emblem for a recognized political party and prohibits the use of an emblem similar to "flag used by any political or government body, agency or entity". She further relies upon Election Law § 6-138(3)(f), *which extends the prohibition on the use of such symbols to independent nominating petitions*.") (emphasis added).

We thank the Court very much for its consideration of this matter.

Respectfully submitted,

John R. Cuti

cc:    All counsel (by ECF)